# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TNT SERVICES CORPORATION, LLC, | : | No. 3:16cv1505 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| HOUSTON INTERNATIONAL INSURANCE GROUP and IMPERIUM INSURANCE GROUP, | : | |
| Defendants | : | |

............................................................................................................

## **MEMORANDUM**

Before the court for disposition is the motion to dismiss plaintiff's amended complaint filed by Defendants Houston International Insurance Group and Imperium Insurance Group (hereinafter "defendants"). The motion has been briefed and is ripe for disposition.

**Background**

Defendant Houston International Insurance Group by and through its subsidiary Imperium Insurance Group issued a worker's compensation and employer's liability insurance policy (hereinafter "policy") to Plaintiff TNT for a policy period of September 19, 2013 through September 19, 2014. (Doc. 15, Am. Compl. at 1). TNT engaged a financing company, First Funding Corporation to pay its premium on the policy. (Id.) Defendants have

refused to pay two workers compensation claims made by plaintiff's employees. (Id. at 2). Plaintiff asserts that the policy covers these claims, and defendants have acted in bad faith in failing to pay the benefits. (Id.) Thus, plaintiff filed a three-count amended complaint asserting: Count I, Bad Faith; Count II, Breach of Contract; Count III, Declaratory Judgment - Coverage. (Doc. 15). Defendants have moved to dismiss the amended complaint, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a Pennsylvania corporation with a principal place of business in Montrose, Pennsylvania, and the defendants are Texas corporations with principal places of business in Houston, Texas. (Doc. 15, Am. Compl. ¶¶ 1-3). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Before the court is the defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be

granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to

the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).  To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendant's motion to dismiss each of the three counts in the amended complaint.  We will address each in turn, beginning with Count I - Bad Faith.

**I. Bad Faith**

The first count of plaintiff's amended complaint asserts a bad faith claim pursuant to 40 PA. CONS. STAT. § 8371.  (Doc. 15, Am. Compl. ¶¶ 34-52).  Plaintiff asserts many examples of defendants' bad faith conduct including, *inter alia:* failing to provide contracted for coverage; engaging in dilatory and abusive claims handling; failing to adopt or implement reasonable standards in evaluating plaintiff's claims; and misrepresenting the benefits, advantages, conditions or terms of the policy.  (Id. ¶ 42).

Section 8371 authorizes recovery for an insurance company's bad faith towards an insured. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer" and/or (3) an assessment of "court costs and attorney fees against the insurer." 42 PA. CONS. STAT. ANN. § 8371.

Defendant argues that a bad faith cause of action is not proper. Defendant's principal argument is that the bad faith claim should be dismissed because plaintiff bases this claim upon an insurance policy, which defendants had properly cancelled prior to the facts at issue. Plaintiff's complaint, however, alleges that defendants failed to provide requisite notice prior to canceling the policy. (Doc. 15, Am. Compl. ¶ 36).

At issue are two worker's compensation claims that defendants refused to cover. Plaintiff avers that Defendant Imperium issued the notice of cancellation of the policy after the injuries were sustained that are the basis of these worker's compensation claim. (Id. ¶ 35) Defendants "unlawfully refused to cover" these claims, despite a valid, enforceable insurance contract being in effect. (Id. ¶ 38).

Defendants disagree and assert that they properly had cancelled the

insurance contract.  We will deny this portion of the defendants' motion to dismiss.  It is too early at this stage of the proceedings to determine whether a valid insurance policy was in effect at the relevant time.  The parties both have varying arguments, but at this juncture we must determine whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  We find that they do, in the sense that plaintiff alleges that a valid policy was in effect at the time.[1]

Defendants also argues that plaintiff improperly alleged that they failed to act in good faith and with due care in handling the claims at issue.[2]  Once again, however, it is too early to make a decision on the merits of this argument.  Thus, this portion of the motion to dismiss will also be denied.

## II. Breach of contract

Count II of the amended complaint asserts a cause of action for breach of contract.  (Doc. 15, Am. Comp. ¶¶ 53-67).   Plaintiff alleges that "Defendants are obligated by the terms of the Policy to indemnify Plaintiff

---

[1] We make no determination at this time as to whether the policy was actually in effect at the relevant time.

[2] Also, no separate cause of action for failure to act in good faith and with due care in handling the claims is presented in the case.  These issues merely go toward the other claims actually present in the case, such as bad faith and breach of contract.

and defendant TNT's interests for the loss related to the workers compensation claims" at issue. (Id. ¶ 56). Defendants move to dismiss this count of the complaint.

Defendants generally argue the same issues that they presented above with regard to bad faith. Thus, they argue that no valid contract existed at the relevant time and so the breach of contract claim must fail. It is too early in the proceedings, however, to make a determination as to whether the insurance contract was in effect or not. This portion of the motion to dismiss will be denied.[3]

### III. Declaratory Judgment

The third count of plaintiff's amended complaint seeks a declaratory judgment regarding the insurance policy coverage issue. (Doc. 15, Am. Compl. ¶¶ 68-73). Plaintiff seeks an order declaring that the policy entitles it to full coverage with regard to the worker's compensation claims at issue. (Id.). Defendants move to dismiss this claim on the basis that the policy was not in effect at the time. As noted above, however, with regard to

---

[3] Defendants also argue in this section that the plaintiff's amended complaint indicates that defendants violated their duty of good faith and fair dealing. Defendants argue that such a claim cannot exist when a breach of contract claim is pled. Here, however, we find that plaintiff has not pled a separate cause of action for violation of duty of good faith and fair dealing. Thus, this portion of the motion to dismiss will also be denied.

counts I and II, it is too early for the court to make this determination. Accordingly, this portion of the defendant's motion to dismiss will be denied.

**Conclusion**

For the reasons set forth above, the defendants' motion to dismiss the plaintiff's complaint will be denied.  It is too early to make a determination on the issues that the defendants raise.  Such issues might better be raised at the summary judgment stage of the case after discovery has been completed.  An appropriate order follows.


**Date: June 9, 2017**            s/ James M. Munley
                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**